IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | : |
| Plaintiff, | : Civil Action No. 2:01-cv-04854-BMS |
| v. | : |
| JOHN ZUCCARINI, individually and d/b/a Cupcake Party, *et al.*, | : |
| Defendant. | : |

## STIPULATED ORDER FINDING JOHN ZUCCARINI IN CIVIL CONTEMPT AND MODIFYING PERMANENT INJUNCTION

On April 9, 2002, this Court entered a Judgment and Permanent Injunction ("Permanent Injunction") against Defendant John Zuccarini. The Permanent Injunction prohibited Defendant Zuccarini from, among other things, engaging in any of the following conduct: (A) redirecting consumers on the Internet or World Wide Web; (B) representing, expressly or by implication, that any web pages, web sites, domain names, goods or services, are endorsed by, or affiliated or associated with, any third party or any entity, when in fact they are not; and (C) participating in any affiliate marketing programs. Permanent Injunction ("Perm. Inj.") § I. The Permanent Injunction also required Defendant, for a period of 5 years from the date of service of the Order, to notify the Federal Trade Commission ("Commission" or "FTC") in writing within 30 days of registering or re-registering a domain name with any domain name registrar, Perm. Inj. § V(D), or of any changes to his residential or mailing address or employment status. *Id.* § V(B)-(C). On December 21, 2006, the Commission filed a Motion seeking an Order to Show Cause Why Defendant Zuccarini Should Not Be Held In Civil Contempt based upon his violations of the

Permanent Injunction. The Commission sought disgorgement of the revenues that Defendant Zuccarini obtained as a result of his contumacious activities.

The FTC and Defendant Zuccarini hereby stipulate to the entry of this Order ("Stipulated Order") finding John Zuccarini in Civil Contempt and modifying the Permanent Injunction and further agree and stipulate to the following:

**FINDINGS:**

1. This Court entered a valid Permanent Injunction against Defendant Zuccarini on April 9, 2002.

2. Defendant Zuccarini was served with the Judgment and Permanent Injunction on September 3, 2003 and had knowledge of its contents.

3. Defendant Zuccarini disobeyed the Permanent Injunction by engaging in activities that violated Sections I and V of the Permanent Injunction.

4. Defendant Zuccarini violated Section I (A) of the Permanent Injunction by redirecting consumers away from their intended Internet destinations by registering and operating domain names that are misspellings or confusingly similar variations of other domain names relating to an array of products and services.

5. Defendant Zuccarini violated Section I (C) of the Permanent Injunction by representing by implication that his web pages and domain names were endorsed by, or affiliated or associated with, third parties or entities, when in fact they were not. Defendant Zuccarini made these implied representations by operating web sites with domain names that were deliberate variations of other well-known web sites.

6. Defendant Zuccarini violated Section I (D) of the Permanent Injunction by

2

participating in affiliate marketing programs. Defendant Zuccarini shared revenues with several affiliate marketing companies in exchange for letting them place advertisements on web sites that he owned.

7. Defendant Zuccarini received at least $164,000 from the contumacious activities described in paragraphs 4-6.

8. Defendant Zuccarini violated the notification provisions of Section V of the Permanent Injunction by failing to notify the Commission in writing within 30 days each time he registered (or re-registered) domain names with domain name registrars. Since the entry of the Permanent Injunction, Defendant Zuccarini has registered and/or re-registered hundreds of domain names without notifying the Commission.

9. Defendant Zuccarini also violated Section V of the Permanent Injunction by failing to notify the Commission each time he changed his residential or mailing address, or changed his employment status. Defendant Zuccarini's residential address has changed several times since he was served with the Permanent Injunction, yet he never notified the Commission of these changes.

10. Through his violations of Sections I and V of the Permanent Injunction, Defendant Zuccarini is in civil contempt.

11. Defendant Zuccarini's conduct since entry of the Permanent Injunction requires that the Permanent Injunction be modified to enhance the order distribution, compliance-monitoring, and reporting provisions to ensure that the Commission has the means to continue to monitor Defendant Zuccarini's compliance with the Court's Orders.

3

IT IS THEREFORE ORDERED THAT:

1. Judgment is entered in favor of the FTC against Defendant Zuccarini in the amount of $164,000 to disgorge the monies received by Defendant Zuccarini as a result of his contumacious activities. The balance of this judgment shall be suspended upon payments as described in paragraphs 2(A) and 2(B).

2. Defendant Zuccarini relinquishes any right, title or interest to assets that remain frozen pursuant to this Court's *ex parte* Temporary Restraining Order of December 21, 2006 and Stipulated Preliminary Injunction of January 5, 2007 and any receivables arising out of the contumacious activities described in the Findings herein, and shall immediately take all necessary steps to ensure the transfer of frozen funds and receivables as follows:

   A. With respect to all frozen funds held at Financial Institutions (as defined in this Court's *ex parte* Temporary Restraining Order of December 21, 2006 and Stipulated Preliminary Injunction of January 5, 2007), including Loyal Bank, or other entity holding such frozen funds (which total approximately $95,000):

      i. Upon entry of this Stipulated Order, Defendant Zuccarini shall take all necessary steps to effectuate the transfer of such frozen funds by electronic wire service directly to the IRS within ten (10) business days of the date of entry of this Stipulated Order, in accordance with IRS payment instructions;

      ii. Each Financial Institution or other entity holding such frozen funds shall, within ten (10) business days of the date of service of this

Stipulated Order, transfer the frozen funds to the IRS in accordance with those instructions; and

iii. Defendant shall provide to the Commission written proof of all transfers to the IRS pursuant to this Subsection A within five (5) business days of the date of any such transfers.

B. With respect to any receivables paid to Defendant arising out of the contumacious activities described in the Findings herein (which currently total approximately $14,900):

i. Defendant shall transfer all such receivables in his custody or control to the IRS within fifteen (15) business days of the date of entry of this Stipulated Order;

ii. With regard to any receivables that come into Defendant's custody or control after the date of entry of this Stipulated Order, Defendant shall take all necessary steps to effectuate the transfer of all such receivables to the IRS within fifteen (15) business days of receipt of such receivable; and

iii. Defendant shall provide to the Commission written proof of all transfers to the IRS pursuant to this Subsection B, within five (5) business days of the date of any such transfers.

C. The Commission's agreement to this Stipulated Order is expressly premised upon the truthfulness, accuracy, and completeness of the sworn financial statements and information of Defendant Zuccarini dated

December 27, 2006 and January 29, 2007, and any addenda thereto (collectively "financial disclosures"), which Defendant Zuccarini stipulates are truthful, accurate, and complete. Defendant Zuccarini and the Commission stipulate that the Commission has relied upon the truthfulness, accuracy, and completeness of the financial disclosures in agreeing to this Stipulated Order and that the Commission would not have consented to the suspension of the monetary judgment, but for the truthfulness, accuracy, and completeness of the financial disclosures.

D. If, upon motion by the Commission, the Court finds that Defendant Zuccarini failed to disclose any material asset, misrepresented the value of any material asset, or made any material misrepresentation or omission in the financial disclosures, then the Court shall lift the suspension and reinstate the suspended judgment. Upon reinstatement of the monetary judgment, the Court shall make an express determination that the monetary judgment order shall be immediately due and payable. The Commission shall be entitled to interest on the judgment, computed from the date of entry of this Order at the rate prescribed under 28 U.S.C. § 1961, as amended. The Commission shall be permitted to execute upon the judgment immediately after the suspension is lifted and engage in discovery in aid of execution.

E. Defendant Zuccarini acknowledges and agrees that: (1) this monetary judgment is equitable monetary relief, solely remedial in nature, and shall

6

not be deemed or construed as a fine, penalty, or punitive assessment; and (2) this action and the relief awarded herein are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order.

3. The asset freeze imposed by this Court's *ex parte* Temporary Restraining Order of December 21, 2006 and Stipulated Preliminary Injunction of January 5, 2007 shall remain in effect until: (1) the Financial Institutions make the monetary payments described in Subsections 2(A) and (B); and (2) Defendant delivers to the FTC or its designated representative the written proof described in Subsections 2(A) and (B), at which time the freeze of Defendant's assets shall be lifted.

4. Defendant Zuccarini shall provide a copy of this Stipulated Order to his assigned Probation Officer in the Southern District of Florida, Docket No. 06-14005-T/P-Graham/Lynch.

5. The April 9, 2002 Permanent Injunction shall remain in full force and effect except that Sections III through IX are superceded in their entirety with the following:

## III.
## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of the Permanent Injunction and Stipulated Order,

(A) Within ten (10) days of receipt of written notice from a representative of the Commission, Defendant shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide

7

entry during normal business hours to any business location in Defendant's possession or direct or indirect control to inspect the business operation;

(B) In addition, the Commission is authorized to monitor compliance with the Permanent Injunction and Stipulated Order by all other lawful means, including but not limited to the following:

    (1) obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45;

    (2) posing as consumers, Hosts or Hosting companies, and suppliers to: Defendant, Defendant's employees, or any other entity managed or controlled in whole or in part by Defendant, without the necessity of identification or prior notice; and

(C) Defendant shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to the Permanent Injunction and Stipulated Order. The person interviewed may have counsel present.

*Provided, however,* that nothing in the Permanent Injunction and Stipulated Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## IV.
## COMPLIANCE REPORTING BY DEFENDANT

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of the Permanent Injunction and Stipulated Order may be monitored:

(A) For a period of five (5) years from the date of entry of this Stipulated Order:

    (1) Defendant shall notify the Commission of the following:

        (a) Any changes in residence, mailing addresses, and telephone numbers of Defendant, within ten (10) days of the date of such change;

        (b) Any changes in employment status (including self-employment) of Defendant, and any change in the ownership of Defendant in any business entity, within ten (10) days of the date of such change. Such notice shall include the name and address of each business that Defendant is affiliated with, employed by, creates or forms, or performs services for; a statement of the nature of the business; and a statement of Defendant's duties and responsibilities in connection with the business or employment;

        (c) Any changes in Defendant's name or use of any aliases or fictitious names;

        (d) For a period of five (5) years from the date of entry of this Stipulated Order, Defendant shall notify the Commission in writing within thirty (30) days of registering or re-registering a domain

name with any Domain Name Registrar. Such notification shall include:

    (i)    the true identity of the domain name registrant;

    (ii)    his or her true and accurate mailing address, email address, and telephone number;

    (iii)    all registration information, including name(s), address(es), and email address(es) of the purported registrant, administrative contact, and billing contact listed on each registration; and

    (iv)    the name and address of the Domain Name Registrar; and

(e)    For the purposes of this Section, "employment" includes the performance of services as an employee, consultant, or independent contractor; and "employers" include any individual or entity for whom Defendant performs services as an employee, consultant, or independent contractor.

(2)    Defendant shall notify the Commission of any changes in any business entity that Defendant directly or indirectly control(s), or has an ownership interest in, that may affect compliance obligations arising under the Permanent Injunction and Stipulated Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to the Permanent Injunction or Stipulated Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30)

>
> days prior to such change, *provided that*, with respect to any proposed change in the business entity about which Defendant learns less than thirty (30) days prior to the date such action is to take place, Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

(B) Ninety (90) days after the date of entry of this Stipulated Order, Defendant shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which he has complied and is complying with the Permanent Injunction and Stipulated Order. This report shall include, but not be limited to:

(1) The then-current residential address, mailing addresses, and telephone numbers of Defendant;

(2) The then-current employment and business addresses and telephone numbers of Defendant, a description of the business activities of each such employer or business, and the title and responsibilities of Defendant, for each such employer or business;

(3) Any other changes required to be reported under subparagraph (A) of this Section; and

(4) A copy of each acknowledgment of receipt of this Stipulated Order, obtained pursuant to Section VI.

Subsequent written reports containing the information described above shall be due on a yearly basis, twelve (12) months from the date of entry of this Stipulated Order, for a period of five (5) years.

11

(C) For the purposes of the Permanent Injunction and Stipulated Order, Defendant shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to the Commission to:

> Associate Director for Enforcement
> Federal Trade Commission
> 600 Pennsylvania Avenue, NW, Suite NJ-2122
> Washington, DC 20580
> Re: FTC v. John Zuccarini, X010063

(D) For purposes of the compliance reporting and monitoring required by the Permanent Injunction and Stipulated Order, the Commission is authorized to communicate directly with Defendant.

## V.
## RECORD KEEPING PROVISIONS

IT IS FURTHER ORDERED that, for a period of eight (8) years from the date of entry of this Stipulated Order, Defendant, with regard to any business activities involving domain names registered, leased, or otherwise used by him and any business(es) where he is the majority owner or otherwise controls the business; and Defendant's agents, employees, officers, corporations, successors, and assigns, and those persons in active concert or participation with him who receive actual notice of the Permanent Injunction and Stipulated Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

(A) Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

(B) Personnel records accurately reflecting: the name, address, and telephone number

of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

(C)     Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

(D)     Complaints and refund requests (whether received directly, indirectly, or through any third party) and any responses to those complaints or requests;

(E)     Copies of all sales scripts, training materials, advertisements, or other marketing materials, including copies of any web pages created, managed, owned, or controlled by Defendant;

(F)     All records and documents necessary to demonstrate full compliance with each provision of the Permanent Injunction and Stipulated Order, including but not limited to, copies of acknowledgments of receipt of this Stipulated Order, required by Section VII of the Stipulated Order, and all reports submitted to the FTC pursuant to Section IV of the Stipulated Order;

(G)     Records accurately listing all domain names registered by or on behalf of Defendant, or used by or on behalf of Defendant; the name and address of the Domain Name Registrar; and the name and address of the Host for each such domain name; and

(H)     Records relating to all ventures undertaken by Defendant that involve the sale of goods or services over the Internet or World Wide Web, including, but not limited to, group or individual meetings, telemarketing, Web sites, Web pages, commercial electronic mail, infomericals or other television or radio advertising, or direct mail, including but not limited to

13

copies of all contracts or agreements between Defendant and any sales company, mailhouse, printer, Internet service provider, information provider, telephone company, television or radio station, or other person through whom Defendant advertises or promotes goods or services, as well as copies of all advertisements, Web pages, Web sites, commercial electronic mail, or promotional materials utilized in such ventures.

## VI.
## DISTRIBUTION OF ORDER BY DEFENDANT

IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Stipulated Order, Defendant shall deliver copies of the Permanent Injunction and Stipulated Order as directed below:

(A)  **Individual Defendant as Control Person:** For any business that Defendant controls, directly or indirectly, or in which Defendant has a majority ownership interest, Defendant must deliver a copy of the Permanent Injunction and Stipulated Order to all principals, officers, directors, and managers of that business. Defendant must also deliver copies of the Permanent Injunction and the Stipulated Order to all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Permanent Injunction and the Stipulated Order. For current personnel, delivery shall be within (5) days of the date of entry of this Stipulated Order. For new personnel, delivery shall occur prior to their assuming their responsibilities;

(B)  **Individual Defendant as Employee or Non-Control Person:** For any business where Defendant is not a controlling person of a business but otherwise engages in conduct

14

related to the subject matter of the Permanent Injunction and Stipulated Order, Defendant must deliver a copy of the Permanent Injunction and Stipulated Order to all principals and managers of such business before engaging in such conduct;

(C) If Defendant, acting in any capacity, receives goods or services from a Host or Hosting Company or Domain Name Registrar related to the subject matter of the Permanent Injunction and Stipulated Order, then Defendant shall provide a copy of the Permanent Injunction and Stipulated Order to a representative of such Host or Hosting Company or Domain Name Registrar;

(D) Defendant must secure a signed and dated statement acknowledging receipt of the Permanent Injunction and the Stipulated Order, within thirty days of delivery, from all persons receiving a copy of the Permanent Injunction and the Stipulated Order pursuant to this Section; and

(E) Defendant shall maintain for a period of eight (8) years after creation, and upon reasonable notice make available to representatives of the Commission, the original signed and dated acknowledgments of the receipt of copies of the Permanent Injunction and Stipulated Order, as required in this Section.

## VII.
## ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANT

IT IS FURTHER ORDERED that Defendant, within five (5) business days of entry of this Stipulated Order, must submit to the Commission a truthful sworn statement acknowledging receipt of this Stipulated Order.

## VIII.
## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of the Permanent Injunction and Stipulated Order.

## IX.
## CLOSURE

**IT IS FURTHER ORDERED** that notwithstanding Section VIII, this case will be closed for statistical purposes six (6) months from the date of entry of this Stipulated Order.

FOR THE PLAINTIFF:

_____
CAROLYN L. HANN
LAUREEN KAPIN
Attorneys for Plaintiff
Federal Trade Commission
601 New Jersey Avenue, N.W.
Room NJ-2122
Washington, DC 20001
(202) 326-2745 (Hann); 3237 (Kapin)
(202) 326-2558 (facsimile)
chann@ftc.gov; lkapin@ftc.gov

FOR THE DEFENDANT:

_____
JOHN ZUCCARINI
Defendant
190 SW Kanner Highway
Stuart, FL 34997
(772) 631-3887 (telephone)
raveclub@adelphia.net

IT IS SO ORDERED, this 30 day of MAY, 2007, at 1:50 P.m.

_____
BERLE M. SCHILLER
United States District Judge
United States District Court for the
Eastern District of Pennsylvania

16