IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN ZUCCARINI, Individually and d/b/a Cupcake Party, *et al.*,<br><br>Defendant. | Case No. 2:01-CV-04854-BMS<br><br>1. MOTION FOR INJUNCTIVE RELIEF TO ORDER CALIFORNIA RECEIVER MICHAEL BLACKSBURG TO NOT AUCTION THE DOMAIN NAMES OF THIS CASE IN HIS POSSESSION.<br><br>2. MOTION FOR INJUNCTIVE RELIEF TO ORDER CALIFORNIA RECEIVER MICHAEL BLACKSBURG TO NOT DISTRIBUTE ANY PROCEEDS FROM THE USE OF THE DOMAIN NAMES OF THIS CASE TO DS HOLDINGS, LLC.<br><br>3. MOTION FOR INJUNCTIVE RELIEF TO ORDER CALIFORNIA RECEIVER MICHAEL BLACKSBURG TO DISTRIBUTE ALL REVENUES OBTAINED FROM USE OF THE DOMAIN NAMES OF THIS CASE TO THE INTERNAL REVENUE SERVICE ON BEHALF OF JOHN ZUCCARINI. |

## MOTION TO AMEND MEMORAMDUM OF LAW

1. Defendant, John Zuccarini ("Zuccarini") files this Motion to Amend the Memorandum of Law submitted on February 17, 2011. Zuccarini files this Motion and the Amended Memorandum of Law to correct and clarify Item (2), to include the referenced case of *Office Depot, Inc. v. Zuccarini, (06-80356) 488 F. Supp. 2d 920 - Dist. Court, ND California 2007.* Also to correct the sequential numbering of items within the document.

1

Respectfully submitted, this 21st day of February, 2011.

By: /s/ John Zuccarini
JOHN ZUCCARINI, Pro Se
190 SW Kanner Highway
Stuart, FL 34997
(772) 631-3887
raveclub@comcast.net

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN ZUCCARINI, Individually and<br>d/b/a Cupcake Party, *et al.*,<br><br>Defendant. | Case No. 2:01-CV-04854-BMS<br><br>1. MOTION FOR INJUNCTIVE RELIEF TO ORDER CALIFORNIA RECEIVER MICHAEL BLACKSBURG TO NOT AUCTION THE DOMAIN NAMES OF THIS CASE IN HIS POSSESSION.<br><br>2. MOTION FOR INJUNCTIVE RELIEF TO ORDER CALIFORNIA RECEIVER MICHAEL BLACKSBURG TO NOT DISTRIBUTE ANY PROCEEDS FROM THE USE OF THE DOMAIN NAMES OF THIS CASE TO DS HOLDINGS, LLC.<br><br>3. MOTION FOR INJUNCTIVE RELIEF TO ORDER CALIFORNIA RECEIVER MICHAEL BLACKSBURG TO DISTRIBUTE ALL REVENUES OBTAINED FROM USE OF THE DOMAIN NAMES OF THIS CASE TO THE INTERNAL REVENUE SERVICE ON BEHALF OF JOHN ZUCCARINI. |

## **AMENDED MEMORAMDUM OF LAW**

1. Defendant, John Zuccarini ("Zuccarini") files in this Court three Motions for Injunctive Relief based on the findings of this court's rulings of April 9, 2002 and May 30, 2007, that the subject domain names of this case unlawfully redirected Internet consumers because of the inherent nature of the domain names as misspellings and similarity to other existing domain names.

2. Zuccarini also files this action in the belief the Court for the Northern District of California was incorrect in not weighing and abiding by this Courts findings in it's rulings of April 9, 2002 and May 30, 2007, when the California Court authorized the transfer of Zuccarini's

domain names in, *Office Depot, Inc. v. Zuccarini, (06-80356) 488 F. Supp. 2d 920 - Dist. Court, ND California 2007,* to a receiver for the purpose of auctioning the domain names. The result of the auctions being the domain names would be and could only be used in the identical manner Zuccarini had used them, because of the nature of the domain names as misspellings and similarity to other domain names, that is to redirect Internet consumers away from their intended destinations.

3. Zuccarini also files these three motions for injunctive relief based on the belief that it is within this Courts power and authority to act upon the motions filed. That this Courts findings to the specific nature of the domain names give this Court that authority.

4. On April 9, 2002 this Court entered a Judgment and Permanent Injunction against Zuccarini. The Permanent Injunction prohibited Defendant Zuccarini from, among other things engaging in any of the following conduct: (A) redirecting consumers on the Internet or World Wide Web by the use of domain names, that were misspellings of other domain names or similar to other domain names; (B) representing expressly or by implication, that any web pages, web sites, domain names, goods or services, are endorsed by, or affiliated or associated with, any third party or any entity, when they are not.

5. On May 30, 2007 this Court entered a second order in relation to Zuccarini's activities concerning the use and registration of domain names that were misspellings of and similar to other domain names. In that order, finding Zuccarini in civil contempt.

6. Simultaneously, in March of 2007 while the actions in the Eastern District of Pennsylvania were being heard, Internet domain name attorney Karl Kronenberger ("Kronenberger"), despite the fact that he was aware this Court had ruled the domain names of the case unlawfully redirected Internet consumers and could not be used in commerce, and that this Court was currently hearing matters related to Zuccarini's domain names, petitioned the

Court for the Northern District of California in, *Office Depot, Inc. v. Zuccarini, (06-80356) 488 F. Supp. 2d 920 - Dist. Court, ND California 2007,* to transfer all of Zuccarini's domain names to himself, so he could use the domain names in the same exact manner as Zuccarini had. That is to redirect Internet consumers away from their intended destinations through the domain names misspelling or similarity to other domain names and to represent expressly or by implication, that any web pages, web sites, domain names, goods or services, are endorsed by, or affiliated or associated with, any third party or any entity, when they are not.

7. Kronenberger had formed a company just for the purpose of having the domain names transfered to himself, that company being DS Holdings, LLC ("DSH"). Kronenberger in order to have the domain names transferred to DSH, obtained through assignment an outstanding judgment against Zuccarini held by Office Depot, Inc. In March 2007 Kronenberger petitioned the California District Court to satisfy the judgment, by ordering all the domain names registrars holding Zuccarini's domain names to transfer the domain names to DSH.

8. In May of 2007 the Court for the Northern District of California ruled that California law did not allow property held by third parties, in this case the domain names held by the domain name registrars to be transfered directly to a holder of a judgment, that being DSH.

9. Kronenberger then petitioned the California Court to appoint a receiver to auction the domain names by which the judgment he had obtained could be satisfied.

10. Zuccarini argued the motion to appoint a receiver and auction the domain names, as Zuccarini contended that the Eastern District of Pennsylvania had ruled the domain names could be not be used in Internet commerce because of the domain names inherent nature as misspellings and their similarity to other domain names. That the Eastern District of Pennsylvania Courts findings as to the nature of the domain names and their prohibited use in

commerce should be acknowledged by the Court for the Northern District of California.

11. The Court for the Northern District of California did not accept Zuccarini's arguments despite of the fact it was aware of Eastern District of Pennsylvania rulings and on September 10, 2007 appointed a receiver. On November 14, 2007 the California Court ordered all of the domain name registrars holding Zuccarini's domain names to transfer the domain names to the appointed receiver.

12. Zuccarini appealed the California Courts decision to the Ninth Circuit Court of Appeals in, *Office Depot, Inc. v. Zuccarini, 596 F.3d 696 (9th Cir. 2010)*, arguing that the Eastern District of Pennsylvania had ruled the domain names could not be used in Internet commerce and that the auction of the domain names to others would allow the domain names to used in the same exact fashion in which Zuccarini had used them. That simply changing the ownership of the domain names would not change the fact that the domain names were redirecting consumers away from their intended destinations. Zuccarini's appeal was denied by the Ninth Circuit.

13. During the time of Zuccarini's appeal and up until today, the receiver appointed by the California Court, Michael Blacksburg ("Blacksburg"), upon an order from the Court, has been using the domain names in Internet commerce. Using them in the same manner Zuccarini had been, that is redirecting Internet users away from their intended destinations and collecting revenues through pay per click Internet affiliate programs when consumers arrive at the web site to which they had been redirected. The amount earned by the domain names during the time they have been in possession of the receiver Blacksburg is approximately $200,000.

14. On May 16, 2008, the Internal Revenue Service ("IRS") filed a Motion to Intervene with the California Court at the request of Zuccarini. Blacksburg, who was never a

neutral party in the case as the law requires for receivers, and Kronenberger, whom represents Blacksburg as a client in separate ongoing litigation in California, had been aware since the California case began that Zuccarini owed back taxes to the IRS. Both Blacksburg and Kronenberger though did their best to try and avoid having the IRS join the case and assert their legitimate claims, with the receiver Blacksburg even violating criminal statutes in not notifying the IRS as he his required to do within one months time of being appointed as a receiver. Blacksburg only did so after being confronted with email messages sent by Zuccarini to certain IRS agents.

15. Considering the nature of the domain names, the Eastern District of Pennsylvania's findings, and subsequent challenges and to the auction of the domain names, Blacksburg and Kronenberger have been up until this time unable to find a legitimate known auctioneer of domain names to conduct an auction for the names in possession of the receiver.

16. Blacksburg and Kronenberger, because they have been unable to find someone to auction the domain names have now before the California Court a motion to allow the domain names to be sold through a live auction in the city of San Francisco. This motion is scheduled to heard on March 11, 2011.

17. There is also before the California Court on March 11, 2011 a motion to determine the distribution of the proceeds held by the receiver gained through the use of the domain names while in his possession, and any funds obtained through an auction of the domain names if that is to occur.

## MOTION FOR INJUNCTIVE RELIEF TO ORDER CALIFORNIA RECEIVER MICHAEL BLACKSBURG TO NOT AUCTION THE DOMAIN NAMES OF THIS CASE IN HIS POSSESSION

18. Zuccarini asks this Court to order the receiver Blacksburg to not auction any of

the domain names formerly registered to Zuccarini that were transferred to Blacksburg by any of the domain name registrars. All of the domain names transferred to Blacksburg were the subject of proceedings before the Eastern District of Pennsylvania and were found by this Court to unlawfully redirect Internet consumers away from their intended destinations.

**MOTION FOR INJUNCTIVE RELIEF TO ORDER CALIFORNIA RECEIVER MICHAEL BLACKSBURG TO NOT DISTRIBUTE ANY PROCEEDS FROM THE USE OF THE DOMAIN NAMES OF THIS CASE TO DS HOLDINGS, LLC**

19. Karl Kronenberger, an experienced domain name attorney, was completely aware of the rulings in the Eastern District of Pennsylvania, and the ongoing case in 2007 in the Eastern District of Pennsylvania related to Zuccarini's domain names when he filed his action in California in March of 2007 through his newly formed company DS Holdings, in hopes of obtaining Zuccarini's domain names for himself. There is no doubt that Kronenberger believed no one would care, if he acquired Zuccarini's domain names and used them in the exact same manner that Zuccarini had, to redirect Internet consumers away from their intended destinations and gain revenues through Internet affiliate programs. Kronenberger believing, what happened to Zuccarini was the exception, and no one would want to pursue any actions against him.

20. Zuccarini asks this Court because of Kronenberger's specific knowledge of the actions before the Eastern District of Pennsylvania as it relates to Zuccarini's domain names that he not be rewarded for his calculating and scheming behavior, and to because of such, order the California receiver to not transfer any funds the receiver currently holds from the revenues obtained from the use of the domain names while in his possession to DSH.

**MOTION FOR INJUNCTIVE RELIEF TO ORDER CALIFORNIA RECEIVER MICHAEL BLACKSBURG TO DISTRIBUTE ALL REVENUES OBTAINED FROM THE USE OF THE DOMAIN NAMES OF THIS CASE TO THE INTERNAL REVENUE SERVICE ON BEHALF OF JOHN ZUCCARINI.**

21. As Zuccarini owes an substantial amount of back taxes to the IRS, over $400,000,

Zuccarini asks this Court to order the receiver Blacksburg to transfer all amounts in his possession obtained from use of the domain names to the IRS, on behalf of Zuccarini.

## PARTIES TO THE MOTIONS

22. John Zuccarini, 190 SW Kanner Highway, Stuart, Florida 34997. Telephone (772) 631-3887, raveclub@comcast.net

23. Karl Kronenberger, 150 Post Street, Suite 520, San Francisco, California 94108. Telephone (415) 955-1155, Facsimile (415) 955-1158, karl@kbinternetlaw.com.

24. Michael Blacksburg, 315 Noe Street, San Francisco, California 94114. Telephone (415) 861-9900, Facsimile (415) 861-9908, michael@blacksburg-law.com.

Respectfully submitted, this 21st day of February, 2011.

By: *[signature]*
JOHN ZUCCARINI, Pro Se
190 SW Kanner Highway
Stuart, FL 34997
(772) 631-3887
raveclub@comcast.net

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | Case No. 2:01-CV-04854-BMS |
| ) | |
| Plaintiff, ) | |
| ) | CERTIFICATE OF SERVICE |
| v. ) | |
| ) | |
| JOHN ZUCCARINI, Individually and ) | |
| d/b/a Cupcake Party, *et al.*, ) | |
| ) | |
| Defendant. ) | |

I am John Zuccarini, the Pro Se Defendant in this case. I certify on February 21, 2011 I served a copy of the following documents:

1. MOTION TO AMEND MEMORAMDUM OF LAW

2. AMEMDED MEMORAMDUM OF LAW

On the parties listed below as follows:

Laureen D. Kapin
Federal Trade Commission
601 New Jersey Avenue NW.
RM NJ-2122
Washington, DC 20580

Thomas Moore
U.S. Attorney's Office
450 Golden Gate Avenue, 10th Floor
Box 36055
San Francisco, CA 94102

Karl Kronenberger
Kronenberger Burgoyne, LLP
150 Post Street
Suite 520
San Francisco, CA 94108

Michael Devries
Latham & Watkins LLP
650 Town Center Dr 20Fl
Costa Mesa, CA 92626

Michael Blacksburg
315 Noe Street
San Francisco, CA 94114

Theodore H. Jobes
Fox, Rothschild, O'Brien & Frankel, LLP
2000 Market Street
10th Floor
Philadelphia, PA 19103

Glenn Weiner
Klehr Harrison Harvey Branzburg & Ellers, LLP
260 South Broad Street
Philadelphia, PA 19102

Brokerage America
425 Park Avenue
New York, NY 10022

___✓___   BY FIRST CLASS MAIL, via United States Post Office

By: _____
JOHN ZUCCARINI, Pro Se
190 SW Kanner Highway
Stuart, FL 34997
(772) 631-3887
raveclub@comcast.net